[J-71-2021] [MO: Todd, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

EASTERN UNIVERSITY ACADEMY
CHARTER SCHOOL,

        Appellant

        v.

SCHOOL DISTRICT OF PHILADELPHIA,

        Appellee

:  No. 16 EAP 2021
:
:  Appeal from the Order of
:  Commonwealth Court entered on
:  July 10, 2020 (reargument denied
:  September 11, 2020) at 1167 CD
:  2019 affirming the Order entered on
:  August 14, 2019 by the Charter
:  School Appeal Board at 2018-04.
:
:  ARGUED:  October 27, 2021
:

## CONCURRING OPINION

**JUSTICE DOUGHERTY**                 **DECIDED:  December 22, 2021**

I fully join the well-reasoned majority opinion concluding the legislature did not impose a mandatory deadline by which a school district must decide to renew or not renew a school charter.  I write separately to note briefly an additional basis for concluding 24 P.S. §17-1729-A(a) does not establish a deadline for renewal or nonrenewal.

The pertinent statutory language provides: "During the term of the charter or at the end of the term of the charter, the local board of school directors may choose to revoke or not to renew the charter[.]"  24 P.S. §17-1729-A(a).  It is axiomatic that "[e]very statute shall be construed, if possible, to give effect to all its provisions."  1 Pa.C.S. §1921(a); *see also* 1 Pa.C.S. §1922 ("In ascertaining the intention of the General Assembly in the enactment of a statute the following presumptions, among others, may be used: . . . (2) That the General Assembly intends the entire statute to be effective and certain.").  Appellant Eastern University Academy Charter School argues "the phrase 'at the end of

the term of the charter' . . . refers to the stated end date of a charter term and does not encompass any date subsequent to the expiration of a charter term." Eastern's Brief at 13. However, the preceding statutory phrase — "during the term of the charter" — encompasses the entire period of the charter up to and including its stated end date. Thus, under Eastern's proposed construction of the statute, the phrase "at the end of the term of the charter" would be completely subsumed by the phrase "during the term of the charter." In other words, if we were to endorse Eastern's position, the "at the end" language would have no independent effect or meaning, and instead would be reduced to mere surplusage. Our rules of statutory construction preclude an interpretation that would read "at the end of the term of the charter" entirely out of section 17-1729-A(a), and render the phrase wholly superfluous. *See* 1 Pa.C.S. §1921(a). For this reason too, the order of the Commonwealth Court is properly affirmed.

While I believe the plain language of the Charter School Law suffices to answer the particular question before us, I share Justice Wecht's concern that, as a general matter, "this legislation is not as comprehensive or precise as it could, and must, be." Concurring Op. at 2 (Wecht, J.). The need for an exhaustive and exacting legislative scheme is, in my view, particularly compelling given the significant growth of charter schools in the years since passage of the enabling legislation almost a quarter century ago. With so many schools, teachers, administrators, parents, and, most importantly, schoolchildren across the Commonwealth impacted by the Charter School Law, it is imperative these statutes be as encompassing and clear as possible. I would welcome the General Assembly's review of the legislation with these concerns front of mind.